IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHELLE BRANNON, )<br>)<br>Defendant. )<br>) | Case No.: 2:25-CR-20560-TGB-KGA |

**SUPPLEMENTAL RESPONSE IN OPPOSITION
TO GOVERNMENT'S DETENTION MEMORANDUM**

COMES NOW Defendant Michelle Brannon ("Brannon"), by and through counsel, and hereby files her supplemental response in opposition to the Government's detention memorandum, filed in this Court on September 29, 2025, supplementing the response she filed with this Court on September 24, 2025,[1] as follows:

**I.    Additional Background**

On September 24, 2025, Defendant Brannon's detention hearing in this matter was scheduled for hearing on September 30, 2025. Undersigned counsel, whose firm is located in St. Louis, Missouri, accordingly made flight and travel arrangements to arrive on September 29, 2025 to attend the hearing scheduled the next morning. As of the time of this filing, Defendant's counsel has not yet received, any discovery materials in this matter from the Government.

On the morning of September 29, 2025, the Government filed its detention memorandum in this Court. The detention memorandum included, in a 42-page filing, a number of additional

---

[1] At that time, the Government had previously filed a detention memorandum in the Middle District of Florida, following Defendant Brannon's arrest and consent to detention in that District and until she arrived in Michigan.

allegations of fact that were not previously included in the Government's filing in the Middle District of Florida, including allegations that her co-defendant, David Taylor, engaged in sexual exploitation or misconduct of church members as well as allegations that Defendant Brannon misled her pretrial services officer. Defendant Brannon files this supplemental response to address those additional allegations and the Government's arguments in light of these recently-disclosed new allegations and information from her Florida pretrial services report, as well as to provide the Court with updated information about potential conditions of release in this case and other factual matters addressed in Defendant's prior response.[2]

## II. Response to Additional Facts Raised in the Government's Filing

The Government accuses Defendant Brannon of misleading her Florida pretrial services officer based on a number of apparently unsupported assumptions, citing only to information that appears consistent, at worst, with honest miscommunication or answering form questions about non-standard circumstances. The Florida pretrial services report—in which it was recommended that Defendant be released on an unsecured bond and **not detained**—does not reach any conclusion that the information provided was incomplete or misleading.

The Government's detention filing here does not suggest that, before its filing, the Government made any effort to contact the pretrial services officer in Tampa who wrote that report to determine what questions were asked of Defendant Brannon, nor what clarifications were provided her regarding unclear standard questions. While undersigned counsel was not present in the Middle District of Florida for that interview, in his extensive experience in interacting with pretrial services offices in other jurisdictions, the interviewing officer generally

---

[2] As of the time of filing this supplement, undersigned counsel has not yet had the opportunity to discuss the additional matters raised for the first time by the Government in its September 29, 2025, filing with Defendant Brannon.

works from a form or template of questions in interviewing the Defendant. The report, in fact, accurately lists her employer as KOGCC, and its reference to two employees of the church provided as employment contacts as "employers" does not appear in any way to support that Defendant actively set out to mislead her pretrial services officer, as the Government's detention memorandum asserts. Instead, such reference simply suggests lack of precision or honest mistake in either completing the interview or drafting the report.[3]

Similarly, upon counsel's good faith understanding and belief after prior conversations with Defendant Brannon (but without having had the chance to discuss the specific allegation in the Government's September 29 memorandum), the Tampa residence where Defendant Brannon resided was a permanent residence for her and some other individuals, with additional church members residing or staying there at different times on an indeterminate or less permanent basis. The Government's interpretation that she "lied to Pretrial Service in Tampa" again appears to reflect an unwarranted leap from a simple response to a form question applied to non-standard circumstances to an accusation of dishonesty.

The Government's detention memorandum filed on September 29, 2025 makes additional assertions that **Mr. Taylor**, Brannon's co-defendant, engaged in sexual exploitation of church members, but does not allege facts that support Defendant Brannon was aware of the alleged exploitation, and cites text messages that appear to be direct messages between Taylor and the church members at issue. These assertions follow the theme of the Government's prior filing of attempting to paint Brannon with a broad brush using Taylor's specific misconduct without supporting her knowledge of those acts of misconduct, and without contemplating the possibility

---

[3] Listing Defendant Brannon or her co-Defendant Taylor as an employment contact presumably would not have assisted the Pretrial Services Officer in corroborating her employment with the church for Pretrial Services' purposes.

that Brannon herself was a target of the same power dynamics the Government alleges were leveraged by Taylor against other church members. Similarly, that the Government now makes allegations of a past romantic relationship between Brannon and her co-defendant Taylor, which it fails to factually support or give context to (and has not provided discovery concerning). This bare assertion fails to address the same dynamics discussed above and fails to meaningfully refute that conditions of bond that sever her contact with Taylor (other than in the context of any potential joint defense agreement through counsel), and that effectively sever her contact with all church members, will appropriately protect others and the community and assure Defendant Brannon's appearance.

Through a preliminary investigation into this matter, undersigned counsel has made contact with a number of potential defense witnesses in this matter. Those witnesses have provided an account of their personal experiences with the church that is entirely inconsistent with the Government's allegations of forced labor in the indictment. Instead, upon counsel's good faith and belief, those witnesses maintain that their involvement with the church was always on a voluntary basis, where they were always free to leave if they wished, and that it was their experience that this was similar to what they observed from other church members. That members of a church often freely choose to associate with that church, volunteer their time to support its efforts, and are willing to be challenged by their clergy or church leadership is not what makes the allegations here unusual or criminal. The Government's allegations in the Indictment and in its detention memorandum, serious as they are, are appropriately viewed with this context—and with the scope of the potential proof at trial—in mind.

      **III.**    **Additional Information as to Available Conditions of Bond**

Defendant Brannon has previously suggested that conditions of bond be considered that would allow her to maintain day-to-day contact with Kearisten Jones, whom Defendant Brannon has named as her power of attorney. Her 22 year old son, Joshua Riles, has also confirmed that he is willing and able to live with her and to assist her in arranging and obtaining necessary medical care, as an alternative to Ms. Jones, whether in Florida or in Michigan.

It is undersigned counsel's understanding, upon good faith and belief, that Defendant's passport has already been seized and that, as a result—considered together with her need for continuing health case following her cardiac event in past weeks—the risk of her flight is further reduced and counsel submits is not a realistic risk in this matter.

**IV.     Brannon Does Not Pose a Danger to Any Other Person or the Community Against Which No Condition or Combination of Conditions of Release Can Reasonably Assure**

"Under the Bail Reform Act, 18 U.S.C. § 3142, upheld by the Supreme Court in *United States v. Salerno*, 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(e)). "A judicial officer's finding of dangerousness must be "'supported by clear and convincing evidence.'" Id. (citing 18 U.S.C. § 3142(f)(2)(b)). "[S]ection 3142(e)(3)'s presumption in favor of detention imposes only a "burden of production" on the defendant, and the government retains the "burden of persuasion." *Id*. (citing, *e.g., United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir.2001); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir.1985)). When a defendant satisfies this burden, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district

court." *Mercedes*, 254 F.3d at 436. "Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id*. (emphasis added). Consistent with the intent of Congress, the Act encourages release of the accused pending trial, provided some condition or combination of conditions can reasonably assure the appearance of the accused at trial and the safety of the community or any other person. "The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

As detailed above, the additional information added by the Government in its September 29, 2025, detention memorandum does not support its conclusions and does not significantly change the analysis discussed in Defendant Brannon's previously filed response in opposition. Conditions of release exist that will appropriately "assure that the defendant will appear and to assure the safety of the community," given the circumstances here. This is particularly so in light of Defendant Brannon's serious health issues, her lack of any prior criminal history, and the availability of conditions of bond that would prevent contact with her co-defendant, Mr. Taylor, and that would effectively prevent contact with other members of the church other than with a single individual on issues related to Defendant Brannon's day-to-day care and continuing health challenges.

V. **Conclusion**

FOR THE FOREGOING REASONS, Defendant Brannon respectfully requests this Honorable Court admit her to bail on a combination of conditions of release, pursuant to Title 18 U.S.C. § 3145(b), or, in the alternative, schedule a hearing at which she may present further

argument as to available conditions of release that will reasonably assure her appearance at trial and the safety of the community or any other person.

September 29, 2025                    Respectfully Submitted,

                                                ROGERS SEVASTIANOS & BANTE, LLP

                              By:    /s/ *John P. Rogers*
                                        JOHN P. ROGERS, 38743MO
                                        120 S. Central Avenue, Suite 160
                                        Clayton, Missouri 63105
                                        (314) 354-8484
                                        Facsimile (314) 354-8271
                                        jrogers@rsblawfirm.com
                                        Attorney for Defendant Brannon

## **CERTIFICATE OF SERVICE**

      By signature below, I hereby certify that on September 29, 2025, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Assistant United States Attorney Sarah Resnick Cohen.

                                                              /s/ *John P. Rogers*