UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 25-20560

D-2 MICHELLE BRANNON,                           HON. TERRENCE G. BERG

       Defendant.

## UNITED STATES' RESPONSE TO DEFENDANT'S AMENDED MOTION TO MODIFY PRETRIAL RELEASE CONDITIONS (ECF NO. 84)

Defendant BRANNON's Amended Motion to Modify Pretrial Release Conditions seeks two modifications to her bond: (1) contact with Kearisten (Kea) Jones; and (2) permission to utilize third-party fundraising such as "Go Fund Me."  ECF. No. 84.

Prior to filing the Amended Motion, defense counsel contacted the undersigned attorneys for concurrence in the relief requested. As stated in paragraph 13 of the Amended Motion, the government objects to modification (1) and agrees to modification (2) with conditions:

    a. AUSA Sarah Cohen is opposed to amending the conditions of release to allow for contact with Kea Jones.

    b. AUSA Sarah Cohen is unopposed to amending the conditions of release to allow third-party fundraising (1) by individuals who are unaffiliated with the KOGGC and (2) if the fundraising prohibits

contributions from KOGGC members. AUSA Cohen is unable to agree to the proposed language of a[ny] third-party fundraising which would characterize the prosecution of David Taylor and Michelle Brannon as malicious.

ECF No. 84, PageID868.

Defense counsel also consulted with the Pretrial Services Officer supervising BRANNON. The positions of the parties and PTS is summarized below for the Court:

|  | **Government's Position** | **PTS Position** |
|---|---|---|
| **Contact with Kearisten Jones** | Opposed | Opposed |
| **Go Fund Me Fundraising** | Unopposed as long as fundraising prohibits contributions from KOGGC members | No Position |

Accordingly, the government's response will focus on BRANNON's request for contact with KOGGC Vice President Kearisten Jones a/k/a Kea Jones (JONES).

## ARGUMENT

### A. BRANNON'S ROLE IN KOGGC

On July 23, 2025, a federal grand jury in the Eastern District of Michigan indicted BRANNON and her co-defendant, David Taylor, on one count of Conspiracy to Commit Forced Labor in violation of 18 U.S.C. § 1594(b) (Count

2

One); six counts of Forced Labor in violation of 18 U.S.C. § 1589 (Counts Two through Seven); and one count of Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h) (Count Ten). Defendant Taylor is charged with an additional two counts of Forced Labor in violation of 18 U.S.C. § 1589 (Counts Eight and Nine).

These charges arise from defendants' roles as principal leaders of Kingdom of God Global Church (KOGGC), formerly Joshua Media Ministries International (JMMI). Taylor is the original founder of JMMI, and BRANNON was Taylor's second-in-command as the Executive Director of KOGGC. From 2013 until their arrests in 2025, Taylor and BRANNON compelled the labor of individuals who joined their organization by prohibited means including force, physical restraint, serious harm, and threats of those actions.

Taylor and BRANNON's forced labor scheme resulted in KOGGC/JMMI receiving millions of dollars in donations each year through call centers in Michigan, Florida, Missouri, and Texas. In total, KOGGC/JMMI received approximately $50 million in donations since 2014.

Taylor and BRANNON used a combination of prohibited means to create a climate of fear that caused their workers to fear serious harm if they made a mistake, complained, did not meet monetary quotas, or left JMMI/KOGGC. Taylor and BRANNON sometimes used physical violence to intimidate and control their workers. Taylor and BRANNON also used sleep deprivation and

3

withheld food for failure to meet monetary quotas. In addition, Taylor and

BRANNON fostered a climate of fear by frequently "rebuking" workers when they

did not follow a rule or meet an expectation imposed by Taylor or BRANNON.

Rebuking involved yelling at workers, standing inches from their face, calling

them wicked and demanding that they get on their knees and repent, reminding

them of the ultimate consequence of failure to comply with their orders: eternal

damnation.

## B. JONES'S ROLE IN KOGGC

### 1. Prior to the October 1 Bond Appeal Hearing

Evidence collected by the FBI and witness interviews establishes that

JONES has been one of the leaders of JMMI/KOGGC. For example, during the

execution of the search warrant at the Tampa, Florida, KOGGC call center, the FBI

located a document titled "JMMI Staff List|2024" in BRANNON's bedroom. It

lists JONES as a member of the "Executive Team" and #3 in the organization:



*See* Exhibit 1.

4

JONES was also a "top closer" within JMMI/KOGGC. Her ranking as a top closer and the amount of money she brought into KOGGC was specified in a document located by the FBI during the execution of a search warrant at the still operating KOGGC building in Taylor, Michigan:

# 2020-2022 YTD

1) Michelle Brannon
2022 YTD: $3,732,213.62
2021: $3,586,423.70
2020: $2,036,913.77

2) Kea Jones
2022 YTD: $1,311,552.71
2021: $1,613,688.49
2020: $803,165.16

*See* Exhibit 2.

Significantly, BRANNON was essentially JONES's mentor in the criminal organization. BRANNON trained JONES to raise money for KOGGC as reflected in this document written by Taylor and recovered at the KOGGC building in Taylor, Michigan:

PLAN OF ACTION
Michelle and the top 3 closers (kea , ███████████ )
You'll have to use strategy and data intelligence along with speed to reach your numbers

Michelle it's time for the top 3 to move up to the next level of their training ..

MEMO ONLY TO MICHELLE, KEA, ███████████

OBJECTIVE :  . . .  I need all four of you raising each day over and above your normal amounts !! You'll must strategically yourselves find the major givers who will give to seeing this university and skyscraper get off the ground paid for and launched ! In order to balance things for the university we need $2.5 million this month . That means you'll got to start learning the strategy of

michelle to close big givers by saying and doing the right things with these people!!  . . . It's time you top 4 especially you 3 go to the next level in your training to start closing much larger quantities of finances!! Michelle show them how this is done !! Do a class and teach the 3 under you how to raise $450k a month each ! ! You must raise your 125k a month among the ten and then you must raise your 325k among Michelle and you top 3 ... I'm going to show you the level of your training ..

*See* Exhibit 3.

Like BRANNON, witnesses reported that JONES was harsh to JMMI/KOGGC workers, and her harsh treatment was particularly evident when BRANNON was not present. JONES was also known for rebuking workers, mimicking Taylor and BRANNON, and being ruthless. It has also been reported to the government that JONES was one of the KOGGC members that assaulted other workers.

Significantly, witnesses have stated that JONES created the punishment of standing if a worker was not performing well in the call center.  As shown in the text message below, Taylor encouraged the standing punishment:



From: [redacted] David E. Taylor
Recipient: [redacted] (owner)

Michelle and kea Make them all stand and Tell them If the punishment of 4am don't work I'm going to make it worser and worser.. They are going to get their beds out of my house and sleep in the garage !! Everyone piled in there !! This ruthless bootcamp is going to get worse and worse .. until they do what we are telling them .. their will only be soup , bread and water for all the degenerates every day .. nothing else ..

.. this goes for you.. [redacted] ..You have been taught and given the ability to connect and close finances and be on phones but you're not doing it consistently and many times you're not doing it at all !! I'm not sparring you !!

You are being disobedient !!

| Participant | Delivered | Read | Played |
|---|---|---|---|
| [redacted] | | | |

Read: 9/19/2021 10:26:40 PM(UTC+0)

9/19/2021 10:21:59 PM(UTC+0)

JONES's place in the KOGGC hierarchy was also revealed to law enforcement during the execution of the search warrant at the Tampa KOGGC call center: JONES was the only person, other than BRANNON, who had her own bedroom at the Tampa call center. JONES also was the only person, other than BRANNON, who had her own bathroom.

During the government's appeal of BRANNON's bond conditions, counsel for BRANNON asked this Court to allow BRANNON to have contact with JONES "because of her – her role with respect to health care and my client." ECF No. 59, PageID.380. Based upon JONES's role in the organization, this Court prohibited contact between BRANNON and JONES and explained its reasoning as follows:

THE COURT: Now, I have special concerns with Ms. Jones and Mr. . . .

ECF No. 59, PageID365.

THE COURT: . . . These individuals . . . are going to have to make a

choice between their relationship with her, supporting her, and their
relationship with this organization because she is not allowed to have any
contact with the organization going forward, any contact whatsoever. And
so if there's somebody that wants to be in her life, they can't be involved in
that organization. That's the way it's going to have to work.

ECF No. 59, PageID366.

THE COURT:  . . . She's charged in a criminal -- very serious criminal
indictment for her conduct associated with that organization, and she'll
have no further contact whatsoever with that organization or its members
while she's on bond in this case.

ECF No. 59, PageID373.

THE COURT:  . . . her bond conditions will prevent her from being
involved in that organization any further. . . . And I've reviewed these
conditions and I think the conditions can protect the community because
they effectively divorce her 100 percent from the activities of the
organization which were dangerous and prevent her from continuing to
have any contact with that organization or its members. And so I think that
that condition would be adequate . . .

ECF No. 59, PageID374.

THE COURT:  It also indicates that the defendant is not permitted to have
any contact, directly or indirectly, with any person associated with the
organization called the Kingdom of God Global Church, or KOGGC,
formally known Joshua Media Ministries International, and it had an
exception for Ms. Kea Jones and Mr.  . . . I'm going to amend this
condition. I am not going to allow her to have contact with Ms. Jones or
Mr.  . . . I think sufficient evidence was presented of their continuing
involvement in the organization, and in particular by Mr.  . . .  intimidating
witnesses after the search warrant was executed, and Ms. Jones also
intimidating witnesses during the course of the allegations that are set out
in the indictment, and I think it would be inappropriate for the defendant to
continue to associate with them . . .

 . . . As I have said before, however, in my view, whoever wants to
associate, continuing to associate with Ms. Brannon needs to sever the

relationship with this organization. And the reason that I say that is because if they don't do that, they're going to run the risk that Ms. Brannon will either intentionally or inadvertently violate her conditions by communicating with individuals in that organization.

ECF No. 59, PageID.377.

    2. <u>After the October 1 Bond Appeal Hearing</u>

Since this Court ordered that BRANNON have no contact with KOGGC and ordered Taylor detained, JONES has been elevated to a more significant role in KOGGC. Her current roles and responsibilities are summarized below:

- JONES is currently the Vice President of KOGGC. *See* Exhibits 4, 5 (KOGGC Board Meeting Minutes).

- JONES is an authorized signer on KOGGC bank accounts. *See* Exhibit 6 (Signature Card of Chase Bank).

- JONES has been inextricably involved with the defense of Taylor as demonstrated in the following text from JONES to another woman in KOGGC:



- JONES posts on social media her strong affiliation with and dedication to KOGGC:



- KOGGC continues to solicit donations, and JONES participates in the solicitations. *See* https://www.youtube.com/watch?v=2solRKVstec.

- Despite Taylor's incarceration, Taylor continues to solicit donations to KOGGC with the assistance of KOGGC members who facilitate his communication to the community. *See* https://youtu.be/PWEwq_XRahs?si=h2fJbcHTA9uRt4uX.

11

## C. BRANNON AND JONES CONTACT SHOULD REMAIN PROHIBITED

The forced labor charges in this case are so serious that, under

§ 3142(e)(3)(D), a presumption in favor of detention applied. 18 U.S.C.

§ 3142(e)(3)(D); 18 U.S.C. §§ 1589(d), 1594(b). The charged offenses required

intelligence, planning, sophistication, a disregard for the physical and

psychological well-being of others, and a willingness to use religious belief to prey

on others for their own personal financial gain. BRANNON's actions from 2013

through 2025 included the abuse of KOGGC/JMMI workers through manipulation,

coercion, various punishments and, at times, physical violence.

BRANNON spent approximately twelve years leading and totally immersed

in this intense and manipulative forced labor conspiracy as well as being engaged

in as a principal in a fairly sophisticated money laundering conspiracy. *See United

States v. Ingram,* 415 F. Supp. 3d 1072, 1080 (N.D. Fla. 2019) ("Defendant's

affiliation with and leadership of a conspiracy also is relevant to an analysis of the

risk of danger to the community and . . . risk of flight. . . . Leaders of criminal

organizations pose a greater danger to the community. Through concerted activity,

they can act through co-conspirators.").

BRANNON now seeks to have frequent contact with a current leader of the

same organization that BRANNON led with Taylor instead of adapting to a life

independent of KOGGC and its leaders. Reconnecting BRANNON and JONES

will reunite BRANNON with those she led, abused, and manipulated as well as

with those who were tasked with following in her footsteps. Keeping BRANNON

connected with KOGGC members was deemed inappropriate by this Court and,

based upon the additional foregoing facts presented to the Court, contact is even

more inappropriate now.

## **CONCLUSION**

Thus, the United States respectfully requests that the Court deny any

modification to BRANNON's bond that would permit contact with JONES.


Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

s/ *Sarah Resnick Cohen*
SARAH RESNICK COHEN
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9637
E-mail: sarah.cohen@usdoj.gov
Mich. Bar No.: P51968

A. TYSEN DUVA
Assistant Attorney General
Department of Justice
Criminal Division

*s/ Lindsey Roberson*
LINDSEY ROBERSON
Trial Attorney
Human Rights & Special Prosecutions Section
1301 New York Avenue, NW, Suite 200
Washington DC 20005

Dated: February 9, 2026

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/*Sarah Resnick Cohen*
SARAH RESNICK COHEN
Assistant U.S. Attorney