UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**MICHELLE BRANNON,**<br><br>Defendant. | **2:25-CR-20560-TGB-KGA**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING DEFENDANT MICHELLE BRANNON'S AMENDED MOTION TO MODIFY PRETRIAL RELEASE CONDITIONS**<br>**(ECF NO. 84)** |

Before the Court the Amended Motion to Modify Pretrial Release Conditions filed by Defendant Michelle Brannon. ECF No. 84. The motion is fully briefed, ECF Nos. 89, 98, and the Court held a hearing on the motion on March 5, 2026, at which counsel for the Government and Defendant Brannon appeared and argued. For the reasons set forth below, Brannon's motion will be **DENIED.**

## I.    BACKGROUND

On July 23, 2025, a grand jury in the Eastern District of Michigan indicted Michelle Brannon and her co-defendant, David Taylor, on one count of Conspiracy to Commit Forced Labor in violation of 18 U.S.C. § 1594(b) (Count One); six counts of Forced Labor in violation of 18 U.S.C. § 1589 (Counts Two through Seven); and one count of Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h) (Count Ten). ECF No. 1. Taylor is charged with an additional two counts of Forced Labor in

violation of 18 U.S.C. § 1589 (Counts Eight and Nine). *Id*. On February 12, 2025, a First Superseding Indictment was entered, adding Kathleen Klein as a co-defendant charged with Conspiracy to Commit Forced Labor in violation of 18 U.S.C. § 1594(b) in Count One. ECF No. 91. The Government charges that since 2013, Taylor, Brannon, and Klein together compelled the labor of individuals who joined their organization by prohibited means including force, physical restraint, serious harm, and threats of those actions. *Id*.

FBI agents arrested Brannon in Tampa, Florida on August 27, 2025, and the Government filed a motion for detention in advance of Brannon's initial appearance in Tampa. ECF No. 20 (*United States v. Brannon*, No. 8:25-mj-2871, ECF No. 2 (M.D. Fla. Aug. 27, 2025)). Upon Brannon's arrival in the Eastern District of Michigan, the Government filed a memorandum in support of detention as to Brannon. ECF No. 30. On September 30, 2025, Magistrate Judge David R. Grand held a detention hearing regarding Brannon and released her with conditions, including that Brannon must:

> Avoid all contact, directly or indirectly, with any person associated with the Kingdom of God Global Church (KOGGC), formerly Joshua Media Ministries International (JMMI), except for the following individuals:
>
> Ms. Kea Jones,[1] Mr. Joseph Bush, Mr. Joshua Riles.

---

[1]    Kea's full name is Kearisten Jones, a/k/a Kea.

ECF No. 39, PageID.216.

On October 1, 2025, this Court held a hearing on the Government's appeal of the decision to release Brannon and affirmed the decision, while setting additional conditions of release, including that Brannon must:

> Avoid all contact, directly or indirectly, with any person associated with the Kingdom of God Global Church (KOGGC), formerly Joshua Media Ministries International (JMMI), except for the following individuals:
>
> Mr. Joshua Riles.

ECF No. 36, PageID.206. The Court therefore removed Kea Jones and Joseph Bush as individuals Brannon may contact while on pretrial release, but allowed her to continue to have contact with Mr. Riles because he is Brannon's son. The Court's Order further states that Brannon "is allowed to reside at the proposed Northville, Michigan Address," and that

> Within 30 days, [Brannon] will demonstrate that the costs associated with the bond address is not being paid by the KOGGC and/or the JMMI or any of its members, and that pretrial services may continue to require verification of the same as directed.

*Id.*

After Brannon determined that she could not afford to reside in the proposed Northville, Michigan address, and the management company for an apartment complex in Livonia, Michigan did not approve Brannon's application, the parties stipulated that Brannon would be

3

given additional time to find housing consistent with the conditions of bond. ECF No. 63.

In the instant motion, Brannon requests (1) that the Court amend the conditions of release to allow for contact with Kea Jones and (2) that she be allowed to receive funds for her expenses through donations from a third-party fundraiser. ECF No. 84. Brannon asserts that the denial of her ability to contact Jones has negatively affected her mental and physical health, as she has not been in good health and Jones has been her long-time caretaker. *Id.* Brannon also argues that the current bond conditions "places her in a financially precarious position" because it prevents her or anyone acting on her behalf from starting a "go fund me" or similar fundraising effort. She asserts that she is unable to "demonstrate that the costs associated with the bond address is not being paid by KOGGC … or any of its members" when there is no way to ensure whether a member of KOGGC may donate anonymously to the third-party fundraising effort. *Id.*

The Government opposes Brannon's request to modify the conditions of release to allow for contact with Kea Jones. ECF No. 89. The Government argues that the Court thoughtfully considered Brannon's request to have contact with Jones at the October 1, 2025 bond appeal hearing and carefully explained its reasons for prohibiting that contact, including Jones's continuing involvement in the KOGGC and intimidating witnesses during the course of the allegations. *See id.*

PageID.881–83 (citing ECF No. 59, PageID.365–66, 373–74, 377). The Government contends that Jones has since been elevated to a more significant role in KOGGC and "has been inextricably involved with the defense of Taylor," posting on social media and soliciting funds on behalf of KOGGC. *Id.* PageID.883–85. The Government thus opposes any modification to Brannon's bond that would permit contact with Jones. The Government further stated that it is unopposed to amending the conditions of release to allow third-party fundraising (1) by individuals who are unaffiliated with the KOGGC and (2) if the fundraising prohibits contributions from KOGGC members. *Id.* PageID.875–76. The Government states that it is unable to agree to the proposed language of any third-party fundraising which would characterize the prosecution of David Taylor and Michelle Brannon as malicious. *Id.*[2]

In her reply, Brannon states that she "seeks clarity from the Court for what the Court means and intends by the term 'sever the relationship with this organization,'" because Jones has indicated "that she may choose to step away from the Church in order to provide in-home health care to [Brannon]." ECF No. 98, PageID.996. Brannon also argues that the Government's position with respect to third-party fundraising

---

[2]     Both Brannon and the Government represent that the Pretrial Services Officer supervising Brannon is opposed to modifying the pretrial bond conditions to allow Brannon to have contact with Jones, but takes no position on Brannon's request for a third-party fundraising campaign. ECF No. 84, PageID.867; ECF No. 89, PageID.876.

implicates First Amendment concerns for both her and for third-parties over which Brannon has no control. *Id.* She further notes that the current bond conditions only state that Brannon's approved living arrangements could not be funded by KOGGC members, but otherwise did not mention her other expenses. *Id.* PageID.997. She contends that it would be impossible to vet the donations made by third parties to ensure that a member of the KOGGC does not donate to a fundraising campaign anonymously. *Id.*

## II.   DISCUSSION

### A. Legal Standard

18 U.S.C. § 3142 governs whether a defendant should be released or detained pending trial. The Court may order that the defendant be "released on personal recognizance or upon execution of an unsecured appearance bond" or "released on a condition or combination of conditions under [§ 3142(c)]." 18 U.S.C. § 3142(a)(1)–(2). The factors to be considered in determining whether there are appropriate conditions of release include: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drugs and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to another person or the community posed by defendant's release. 18 U.S.C. § 3142(g).

For defendants released on conditions, the "judicial officer may at any time amend the order to impose additional or different conditions of release" under § 3142(c)(3). Yet, § 3142(c)(3) does not articulate a standard for how a judicial officer should evaluate a request to amend a release order to impose additional or different conditions of release. However, courts have routinely held that a motion to modify conditions of pretrial release amounts to a motion to reopen the detention hearing. *See United States v. Ebonka*, 733 F. Supp. 3d 967, 969 (D. Nev. 2024) (collecting cases). Thus, to demonstrate that an amendment to his or her bond conditions is merited, the defendant must comply with 18 U.S.C. § 3142(f)(2)'s requirement to provide new information that "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *See United States v. Mays*, No. 23-cr-20521, 2024 WL 2863246, at *7 (E.D. Mich. June 6, 2024) (Goldsmith, J.) (citing *United States v. Peguero*, No. 3:21-cr-00010, 2021 WL 4811315, at *2 (W.D. Ky. Oct. 14, 2021) (collecting cases)). Without such a requirement, "a defendant could file endless petitions to modify his conditions .... Courts do not ordinarily allow parties to file a motion previously denied over and over again, yet without the threshold showing required in Section 3142(f)(2), nothing in the statute precludes a defendant from doing so." *United States v. Gay*, No. 20-cr-40026, 2020 WL 5983880, at *3 (C.D. Ill. Oct. 7, 2020).

### B. Contact with Kea Jones

Applying the above standard, the Court declines to amend Brannon's bond conditions to allow contact with Jones. At the October 1, 2025 bond appeal hearing, Brannon's counsel asked the Court to allow Brannon to have contact with Jones because of her past role as a "caretaker" of Brannon for a variety of physical conditions and transporting her to medical appointments. ECF No. 59, PageID.361, 363–64, 380. After carefully considering the parties' arguments, the Court ordered that Brannon is not allowed to have any contact with the KOGGC and its members going forward while she is on bond in this case, and amended the conditions of release to not allow Brannon to have any contact with Jones because of her continuing involvement in the KOGGC. *Id.* PageID.365–66, 373–74, 377; ECF No. 36. The Court stated that "if there's somebody that wants to be in [Brannon's] life, they can't be involved in [KOGGC]." *Id.* PageID.366.

The Government has proffered evidence that, since that October 1, 2025 Order Setting Conditions of Pretrial Release, Jones has been elevated to a more significant role in KOGGC. ECF No. 89, PageID.883–85 (citing in part Exs. 4, 5, 6 at ECF Nos. 89-5 to 89-7 (noting Kea Jones has been elected to serve as "Vice President of the Church")). The Government therefore argues that any contact between Brannon and Jones is even more inappropriate now, and so the Court should deny any

modification to Brannon's bond conditions that would permit contact with Jones.

Brannon has not presented any new and material evidence in her motion or at the hearing that merit an amendment of her bond conditions as to her contact with Jones. Rather, new and material evidence lends further support for the bond condition prohibiting Brannon from having contact with Jones. Jones has since been elevated to a more significant role at KOGGC as she is now a Vice President of KOGGC and has been added as an authorized signer for KOGGC's bank accounts. ECF Nos. 89-5, 89-6. Further,  the Government has presented a text message it asserts is between Jones and another woman at KOGGC that appears to involve possible witness tampering, or at a minimum, encouraging a witness to make statements favorable to co-defendant Taylor. ECF No. 89, PageID.884.

Moreover, even if, as Brannon posits in her Reply brief and as counsel proposed at the hearing, Jones "step[ped] away" from the KOGGC, it is also a condition of Brannon's bond that she "avoid all contact, directly or indirectly," with any "witness in the investigation or prosecution" of this case. ECF No. 36, PageID.203. As the Government pointed out at the bond appeal hearing in response to a similar proposition by defense counsel, and as counsel for both the Government and Brannon affirmed at the hearing, "Jones is a [defense] witness at a minimum." *See* ECF No. 59, PageID.380. Thus, Brannon is not permitted

to have any contact with Jones, even if she "stepped away" or disassociated from the KOGGC.

Accordingly, the Court **DENIES** Brannon's request to modify her conditions of pretrial release to allow her to have contact with Kea Jones.

### C. Third-Party Fundraising

Brannon next requests that she be allowed to receive funds for her expenses, such as health insurance, through donations from a third-party fundraiser. ECF No. 84. She asserts, however, that "there is no way to satisfy [the bond requirement] that she 'demonstrate that the costs associated with the bond address are not being paid by KOGGC … or any of its members' when there is no mechanism to ensure that a member of KOGGC may donate anonymously." *Id.* PageID.867.

The Government states only that it is unopposed to amending the conditions of release to allow third-party fundraising "(1) by individuals who are unaffiliated with the KOGGC and (2) if the fundraising prohibits contributions from KOGGC members." ECF No. 89, PageID.875–76. It does not otherwise discuss this request in its response.

The question of whether Brannon's request to engage in third party fundraising to raise funds for her living expenses should be allowed depends on whether it can be implemented with certain conditions. Neither party proposed in their briefing to the Court *how* this third-party fundraising could be implemented in a way to ensure that prohibited persons or entities are not allowed to contribute to the fund. And neither

10

party provided any additional information at the hearing to address the question of anonymous donations and how to ensure donations are not received from the KOGGC or its officers and employees, because of the concern that such funds are the product of alleged illegal activity. The concern, as the Court stated at the hearing, and the Government agreed, is not whether KOGGC adherents, members, or followers make donations, but rather that donations should not be permitted from individuals who gain income from the Church or from anonymous sources.

The Court therefore instructed the parties to work with the Pretrial Services Officer to determine whether it is possible to develop a third-party fundraising site that is transparent and allows the site administrator and the Pretrial Services Officer to see who is donating and to prohibit anonymous donations to the fund.

The parties have not provided any proposed language defining conditions that would permit third-party fundraising to take place in accordance with these restrictions. Consequently, the Court will **DENY** the request for third-party fundraising as currently described but will take this request under advisement pending the receipt of a recommendation from Pretrial Services capable of addressing the Court's concerns.

On a separate issue, Brannon asserts in her reply brief that she could "fundraise on her own behalf via a third-party website using

language that calls the Government's prosecution against her and other's [as] 'malicious' and a violation of her First Amendment Rights by persecuting her for her religious views." ECF No. 98, PageID.998. The Government states only in its Response that it "is unable to agree to the proposed language of a[ny] third-party fundraising which would characterize the prosecution of David Taylor and Michelle Brannon as malicious," ECF No. 89, PageID.876, but stated at the hearing that the Government would not seek to interfere with Brannon's or any other person's free speech rights in using language to raise funds for Brannon.

As to this issue, if conditions are able to be fashioned that would permit third-party fundraising with the restrictions discussed above, the Court would not restrict the language used on any third-party fundraising site except of course that it may not any unlawful threats or other forms of intimidation to encourage such contributions.

Although the request as currently framed is **DENIED**, Defendant Brannon may work with Pretrial Services to set up and administer the third-party fundraising site, which, if it permits the restrictions referenced in the Order, may be presented to the Court by Pretrial Services as a request to amend the bond conditions.

## III.   CONCLUSION

For the reasons stated above, Brannon's Motion to Modify Pretrial Release Conditions, ECF No. 84, will **DENIED.**

Specifically, the Court **DENIES** Brannon's request to modify her pretrial release conditions to permit contact with Kea Jones. Such contact remains prohibited.

The Court **FURTHER DENIES WITHOUT PREJUDICE** Brannon's request to engage in third-party fundraising efforts, with the understanding that the Court will consider a request from Pretrial Services to permit such third-party fundraising efforts provided that:

- Defendant Brannon works with Pretrial Services to develop a fundraising site with adequate safeguards of transparency, with the Pretrial Services Officer added as an administrator of the site to help monitor donations and ensure that no funds are donated from KOGGC the enterprise or its officers or employees;

- The third-party fundraising site must expressly prohibit any donations from KOGGC, its officers, and its employees;

- The third-party fundraising site must expressly not permit or accept donations from anonymous sources; and

13

- The language used in connection with such third-party fundraising site includes no unlawful threats or efforts of intimidation to encourage the making such contributions.

**IT IS SO ORDERED.**

Dated: March 9, 2026
/s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

14